IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Michael D. Smith, | Case No. 3:17 CV 2012 |
| Plaintiff, | ORDER DISMISSING COMPLAINT |
| -vs- | JUDGE JACK ZOUHARY |
| Local 3056 UAW, | |
| Defendant. | |

## INTRODUCTION

Plaintiff *pro se* Michael Smith brings this Title VII action against Local 3056 UAW. In his brief Complaint, Smith alleges Local 3056 declined to represent him in arbitration challenging his termination from the Sheriff's Department. He contends other employees engaged in more serious misconduct, but were represented by Local 3056 in arbitration and successfully maintained their employment (Doc. 1). Smith seeks $800,000 in damages and "to be made whole as far as [his] job goes" (*id.*). He also moves for *in forma pauperis* status (Doc. 2); that Motion is granted.

## STANDARD FOR DISMISSAL

*Pro se* pleadings are liberally construed. *Boag v. MacDoughall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This Court, however, must dismiss an action under 28 U.S.C. § 1915(e) if it is frivolous or malicious, seeks monetary relief from a defendant who is immune from suit, or fails to state a claim upon which relief can be granted. *Hill v. Lappin*, 630

F.3d 468, 470–71 (6th Cir. 2010) (holding *Iqbal* and *Twombly* govern dismissal for failure to state a claim under Section 1915(e)(2)(B)(ii)).

This Court must construe the Complaint in the light most favorable to Smith, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Complaint need only contain a "short and plain statement of the claim," and not "detailed factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2)). Nevertheless, stating a plausible claim requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 679. Rather, Smith must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

Here, the Complaint summarily asserts Local 3056 denied his "rights to arbitration" because other officers were represented and still remain employed despite charges "a lot more serious than [his]" (Doc. 1). Although the civil cover sheet indicates that Smith brings this claim under the Fair Labor Standards Act (Doc. 1-5), the top of the Complaint references Title VII (Doc. 1). Smith also submits several documents with his Complaint, including an affidavit submitted to the Ohio Civil Rights Commission outlining the conduct of others that he believes was more egregious than his (Doc. 1-1 at 2–3). In passing, the affidavit notes, "[T]hese were white officers" (*id.* at 2). Construing his

2

Complaint and filings liberally and in his favor, Smith seeks to assert a Title VII discrimination claim against Local 3056 for failing to assist with, or file, his grievance.

To establish a prima facie case of such discrimination, Smith must show Local 3056: (1) committed a violation of the collective bargaining agreement; (2) breached its own duty of fair representation; and (3) was motivated by racial animus. *Hout v. City of Mansfield*, 550 F. Supp. 2d 701, 727 (N.D. Ohio 2008); (citing *Bugg v. Int'l Union of Allied Indus. Workers of Am., Local 507 AFL–CIO*, 674 F.2d 595, 599–600 & n.5 (7th Cir. 1982)). Smith's Complaint fails on all three points. He does not plead, or mention, any of these factors. Importantly, he also does not allege that he is a member of a protected class, or that Local 3056 declined to arbitrate his grievance because of a protected characteristic. *See Jones-McFarlane v. TruGreen Corp./ Chem Lawn*, 2017 WL 2402460, at \*2 (N.D. Ohio 2017). The closest Smith gets is the affidavit reference to the other officers' race.

But although *pro se* pleadings are to be liberally construed, "courts should not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). And "[m]ere conclusory allegations of discrimination are insufficient to state a claim under Title VII." *Lee v. U.S. Postal Serv.*, 12 F. App'x 322, 323 (6th Cir. 2001). *See also In re DeLorean Moto Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) ("In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'") (omission in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). Thus, the Complaint fails to state a plausible claim.

## CONCLUSION

The Complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                   s/ *Jack Zouhary*
                                              JACK ZOUHARY
                                              U. S. DISTRICT JUDGE

                                              January 31, 2018